**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUAN FRANCISCO ESTRADA-RANGEL,** | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **A-12-CV-980-LY-AWA** |
| | § | **[A-09-CR-010-LY]** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE**

Before the Court are: Juan Francisco Estrada-Rangel's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 42) and

the Government's Response (Clerk's Doc. No. 44).   The undersigned submits this Report and

Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C

of the Local Court Rules of the United States District Court for the Western District of Texas, Local

Rules for the Assignment of Duties to United States Magistrate Judges.[1]

## I. BACKGROUND

The timeline of the events in this case are as follows.   Estrada-Rangel was deported and

removed from the United States to Mexico on December 20, 2000, and April 20, 2004.   On or about

---

[1] The District Court issued an Order on November 19, 2012, terminating Estrada-Rangel's supervised release prior to the original expiration date. Clerk's Doc. No. 45.  This Order does not render Estrada-Rangel's § 2255 motion moot because his conviction, which Estrada-Rangel challenges in his § 2255 motion, carries collateral consequences that persist even after his release. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also United States v. McConnel*, No. 12-6092, 2012 WL 2626956, at *2 (10th Cir. July 6, 2012) ("When a prisoner's § 2255 motion challenges the underlying conviction, the prisoner's release from custody does not moot the request because a conviction carries collateral consequences that persist even after release.").

December 16, 2008, Estrada-Rangel was again found in the United States. A one-count Information was filed in Cause Number A-09-CR-010-LY (the instant case) on January 6, 2009, charging Estrada-Rangel with Unlawful Reentry of a Deported Alien, in violation of 8 U.S.C. § 1326. Estrada-Rangel pleaded guilty to the Information on January 12, 2009, and was sentenced on March 27, 2009, to imprisonment for thirty months, to be followed by a 2-year term of supervised release. On February 18, 2011, he was released from prison and began his 2-year term of supervised release.

On March 10, 2011, Estrada-Rangel was removed from the United States to Mexico for the third time. He was found in the United States in Travis County, Texas, on or about November 9, 2011. A petition to revoke Estrada-Rangel's term of supervised release was filed in Cause Number A-09-CR-010 (the instant case) on March 14, 2012. On March 20, 2012, a one-count Information was filed in Cause Number A-12-CR-115-LY, charging Estrada-Rangel with Unlawful Reentry of a Deported Alien, in violation of 8 U.S.C. § 1326. Estrada-Rangel pleaded guilty to the Information on March 27, 2012, and was set for sentencing and a final supervised release revocation hearing on June 6, 2012.

On June 6, 2012, while awaiting commencement of Estrada-Rangel's sentencing and revocation hearings, his mother approached defense counsel and handed him documentation regarding her immigration status. Defense counsel's review of the documentation indicated that Estrada-Rangel's mother was naturalized in January, 1981, prior to his eighteenth birthday. This information, if verified, raised the possibility that Estrada-Rangel was eligible for derivative citizenship effective as of the date of his mother's naturalization – January 27, 1981. This information was previously unknown to the parties; moreover, at no time prior to June 6, 2012, did Estrada-Rangel, his mother, or any other person offer or make reference to this information to any

2

person or government agency. Estrada-Rangel's counsel, without opposition from the United States, immediately requested and was granted a continuance of sentencing to investigate this new evidence and its potential effect on his immigration status.

Shortly thereafter, Estrada-Rangel filed Form N-600 (Application for Certificate of Citizenship) with U.S. Citizenship and Immigration Services (USCIS). On October 17, 2012, USCIS approved Estrada-Rangel's Form N-600 and granted him a Certificate of Citizenship, indicating a naturalization date of January 27, 1981. Based on this development and in the interests of justice, the United States immediately moved to dismiss the Information filed in A-12-CR-115, and the Petition to Revoke Supervised Release filed in A-09-CR-010.

## II. ANALYSIS

In his Motion, Estrada-Rangel asserts that the new evidence, his Certificate of Citizenship, shows that he has been a citizen of the United States since 1981 and is therefore, actually innocent of the charges against him. Clerk's Doc. No. 42. The government agrees with Estrada-Rangel and does not oppose his § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Clerk's Doc. No. 44. In light of the new evidence, which the government does not oppose, it is recommended that Estrada-Rangel's § 2255 Motion be granted.

## III. RECOMMENDATION

Accordingly, the undersigned RECOMMENDS that the District Court GRANT Estrada-Rangel's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 42).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of November, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE